UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

CIVIL MINUTES—GENERAL

**Case No.**  CV-13-8038-MWF (JEMx)                    **Date:**  November 5, 2013
**Title:**  Xingian Huang, et al. v. Jonathan R. Dominguez, et al.

**Present:**   The Honorable MICHAEL W. FITZGERALD, U.S. District Judge

     Deputy Clerk:                                           Court Reporter:
     Rita Sanchez                                            Not Reported

     Attorneys Present for Plaintiff:                  Attorneys Present for Defendant:
     None Present                                            None Present

**Proceedings (In Chambers):**   ORDER TO SHOW CAUSE RE JURISDICTION

     On August 15, 2013, Plaintiffs Xingian Huang and Qi Wang filed a Complaint against Defendants Jonathan R. Dominguez and Maria Janet Flores in the Los Angeles Superior Court. (Docket No. 1-1). On October 31, 2013, Defendant Flores removed the action to this Court. (Docket No. 1). The jurisdictional allegations in the Notice of Removal appear to be defective. This Court has a *sua sponte* obligation to confirm that it has subject matter jurisdiction. *Nevada v. Bank of Am. Corp.*, 672 F.3d 661, 673 (9th Cir. 2012) ("[I]t is well established that 'a court may raise the question of subject matter jurisdiction, *sua sponte*, at any time during the pendency of the action . . . .'" (quoting *Snell v. Cleveland, Inc.*, 316 F.3d 822, 826 (9th Cir. 2002))).

     The Notice of Removal is both procedurally and substantively defective.

     *Procedural defects*. The Summons was served by personal delivery on Defendants on August 15, 2013. (Docket No. 1-1 at 21). It is not clear from the record when the Complaint was served. The Notice of Removal was not filed until October 31, 2013, 77 days after service of the Summons. It appears that the Notice of Removal was likely untimely. 28 U.S.C. § 1446(b)(1), (3) (removal must occur within 30 days of proper service or within 30 days after defendant becomes aware that action is removable). Flores argues that she became aware of racially discriminatory practices of the Plaintiffs in August 2013, which was at least 62 days prior to the filing of the Notice of Removal. Additionally, Flores bears the burden of proving when she became aware of the removability of the action, and the Notice of Removal provides no basis

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

CIVIL MINUTES—GENERAL

Case No.  CV-13-8038-MWF (JEMx)          Date:  November 5, 2013
Title:      Xingian Huang, et al. v. Jonathan R. Dominguez, et al.

to establish why she could not become aware of the alleged basis for removability before October 1, 2013.

Additionally, all properly served defendants must consent to removal.  28 U.S.C. § 1446(b)(2)(A).  The Notice of Removal does not discuss whether Flores's codefendant has consented to removal.

*Substantive defects*.  Most importantly, Flores has not shown that this Court could properly assert jurisdiction over this matter even in the absence of procedural defects, because this matter does not arise under federal law.  "For a case to 'arise under' federal law, a plaintiff's well-pleaded complaint must establish either (1) that federal law creates the cause of action or (2) that the plaintiff's asserted right to relief depends on the resolution of a substantial question of federal law."  *K2 Am. Corp. v. Rolland Oil & Gas, LLC*, 653 F.3d 1024, 1032 (9th Cir. 2011) (citation and internal quotation marks omitted).  Here, the Complaint makes out no federal claim, and Flores's asserted federal civil rights defenses can provide no basis for jurisdiction.

Flores asserts that 28 U.S.C § 1443(1) provides a basis for removability.  That section renders removable any action "[a]gainst any person who is denied or cannot enforce in [state court] a right under any law providing for the equal civil rights of citizens of the United States, or of all persons within the [state]."  28 U.S.C § 1443(1); *see Georgia v. Rachel*, 384 U.S. 780, 792, 86 S. Ct. 1783, 16 L. Ed. 2d 925 (1966) (explaining that section 1443(1) encompasses denial of enforcement of "any law providing for specific civil rights stated in terms of racial equality").

Here, Flores presents no basis for her belief that California state courts will not allow her to present her federal civil rights defenses.  *See City of Greenwood v. Peacock*, 384 U.S. 808, 825, 86 S. Ct. 1800, 16 L. Ed. 2d 944 (1966) ("It is not enough to support removal under [section] 1443(1) to allege or show that the defendant's federal equal civil rights have been illegally and corruptly denied by state administrative officials in advance of trial . . . or that the defendant is unable to obtain a fair trial in a particular state court. . . . [T]he vindication of the defendant's federal rights is left to the state courts except in the rare situations where it can be *clearly*

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

CIVIL MINUTES—GENERAL

**Case No.**  CV-13-8038-MWF (JEMx)     **Date:** November 5, 2013
**Title:**     Xingian Huang, et al. v. Jonathan R. Dominguez, et al.

*predicted* by reason of the operation of a *pervasive and explicit state or federal law* that those rights will *inevitably* be denied by the very act of bringing the defendant to trial in the state court." (emphasis added) (citations omitted)).

Accordingly, the Court **ORDERS PLAINTIFF TO SHOW CAUSE**, in writing, by no later than **November 12, 2013**, why this action should not be dismissed for lack of subject matter jurisdiction. Failure to respond by the above date will result in the Court's dismissal of this action.

IT IS SO ORDERED.